PAUL GALLIGAN
ALLISON E. IANNI
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
212-218-5500
Attorneys for Defendant
DeVry University, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------x
:
ATHALA M. MONTOYA                   :
:
Plaintiff,        :
:
v.                           :   Civil Action No. 10-CV-5830 (ENV/LB)
:
DEVRY COLLEGE OF NEW YORK           :
:
Defendant.        :
:
------------------------------------x

# DEFENDANT'S ANSWERS AND AFFIRMATIVE DEFENSES
# TO THE AMENDED COMPLAINT

Defendant DeVry University, Inc., d/b/a DeVry College of New York[1] ("DeVry"), by and through its attorneys, Seyfarth Shaw LLP, hereby answers the Amended Complaint of Plaintiff Athala M. Montoya ("Plaintiff") as follows:

## NATURE OF THE ACTION

1.  In response to paragraph 1 of the Amended Complaint, DeVry admits that Plaintiff purports to bring this Action under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York City Human Rights Law ("NYCHRL") and the New York State Human Rights Law ("NYSHRL").  DeVry, however, denies that it violated any laws.

---

[1] Plaintiff incorrectly named DeVry's doing business name as the defendant in this case.

## JURISDICTION AND VENUE

2. In response to paragraph 2 of the Amended Complaint, DeVry admits that the Court has jurisdiction over this case, but denies that the Court's jurisdiction is pursuant to 42 U.S.C. § 12101 *et seq.*, 29 U.S.C. § 2617, or 28 U.S.C. § 1343.

3. In response to paragraph 3 of the Amended Complaint, DeVry admits that venue is proper in this district, but denies that it is a resident of the County of Suffolk.

## PROCEDURAL PREREQUISITES

4. DeVry admits the allegations in paragraph 4 of the Amended Complaint, except avers that it did not receive notice of the Charge of Discrimination in April 2009.

5. DeVry admits the allegations in paragraph 5 of the Amended Complaint.

6. DeVry admits the allegations in paragraph 6 of the Amended Complaint.

## PARTIES

7. In response to paragraph 7 of the Amended Complaint, DeVry lacks knowledge or information sufficient to form a belief as to the truth of the allegation concerning the location of Plaintiff's current residence.

8. DeVry admits the allegations in paragraph 8 of the Amended Complaint.

9. In response to paragraph 9 of the Amended Complaint, DeVry denies that it is a New York corporation, and admits that it is authorized to do business in the State of New York.

10. DeVry admits the allegations in paragraph 10 of the Amended Complaint.

11. In response to paragraph 11 of the Amended Complaint, DeVry admits that during the relevant time period it maintained a business address in Queens County, New York.

12. DeVry admits the allegations in paragraph 12 of the Amended Complaint.

## MATERIAL FACTS

13. In response to paragraph 13 of the Amended Complaint, DeVry lacks knowledge or information sufficient to form a belief as to the truth of the meaning of the term "main core," but admits that it hired Plaintiff in 2003 as a part-time Administrative Assistant for its High School Admissions division.

14. DeVry denies the allegations in paragraph 14 of the Amended Complaint.

15. DeVry denies the allegations in paragraph 15 of the Amended Complaint, except admits that Tom Fay was hired as a Director of Admissions in 2006.

16. DeVry denies the allegations in paragraph 16 of the Amended Complaint.

17. DeVry denies the allegations in paragraph 17 of the Amended Complaint.

18. DeVry denies the allegations in paragraph 18 of the Amended Complaint.

19. DeVry denies the allegations in paragraph 19 of the Amended Complaint, and avers that, in 2007, Plaintiff received an e-mail from a co-worker at DeVry concerning Social Security benefits for undocumented immigrants.

20. DeVry denies the allegations in paragraph 20 of the Amended Complaint, except lacks knowledge or information sufficient to admit or deny the allegation concerning Plaintiff's state of mind, and admits that Plaintiff complained to Human Resources about receiving an e-mail from a co-worker at DeVry concerning Social Security benefits for undocumented immigrants. DeVry, however, denies that it engaged in any unlawful conduct toward Plaintiff.

21. DeVry denies the allegations in paragraph 21 of the Amended Complaint.

22. DeVry denies the allegations in paragraph 22 of the Amended Complaint.

23. DeVry denies the allegations in paragraph 23 of the Amended Complaint.

24. DeVry denies the allegations in paragraph 24 of the Amended Complaint, and avers that Plaintiff was asked to remove her documents and materials from an office she was using for storage when the office was needed for another purpose.

25. DeVry lacks knowledge or information sufficient to admit or deny the allegations in paragraph 25 of the Amended Complaint.

26. DeVry denies the allegations in paragraph 26 of the Amended Complaint, and avers that Plaintiff represented to DeVry that she was taking medical leave due to a corneal ulceration.

27. In response to paragraph 27 of the Amended Complaint, DeVry admits that Plaintiff filed Charge of Discrimination with the EEOC in April 2009, but denies that it received notice of the Charge of Discrimination in April 2009. DeVry denies further that it engaged in any unlawful conduct toward Plaintiff.

28. DeVry denies the allegations in paragraph 28 of the Amended Complaint, except admits that Plaintiff was terminated on June 22, 2009.

29. DeVry denies the allegations in paragraph 29 of the Amended Complaint.

30. DeVry denies the allegations in paragraph 30 of the Amended Complaint.

31. DeVry denies the allegations in paragraph 31 of the Amended Complaint.

32. DeVry denies the allegations in paragraph 32 of the Amended Complaint, except admits that Plaintiff seeks punitive damages.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII AND THE ADEA

33. DeVry repeats and restates its answers to the allegations contained in paragraphs 1 through 32 as though fully set forth herein.

34. The allegations in paragraph 34 state a legal conclusion to which no response is required.  DeVry denies that it engaged in any unlawful conduct toward Plaintiff.

35. The allegations in paragraph 35 state a legal conclusion to which no response is required.  DeVry denies that it engaged in any unlawful conduct toward Plaintiff.

36. DeVry denies the allegations in paragraph 36 of the Amended Complaint, except admits that Plaintiff purports to bring this action under Title VII and the ADEA.

37. DeVry denies the allegations in paragraph 37 of the Amended Complaint.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII AND THE ADEA

38. DeVry repeats and restates its answers to the allegations contained in paragraphs 1 through 37 as though fully set forth herein.

39. The allegations in paragraph 39 of the Amended Complaint state a legal conclusion to which no response is required.  DeVry denies that it engaged in any unlawful conduct toward Plaintiff.

40. The allegations in paragraph 40 of the Amended Complaint state a legal conclusion to which no response is required.  DeVry denies that it engaged in any unlawful conduct toward Plaintiff.

41. DeVry denies the allegations in paragraph 41 of the Amended Complaint.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

42. DeVry repeats and restates its answers to the allegations contained in paragraphs 1 through 41 as though fully set forth herein.

43. The allegations in paragraph 43 of the Amended Complaint state a legal conclusion to which no response is required.  DeVry denies that it engaged in any unlawful conduct toward Plaintiff.

44. DeVry denies the allegations in paragraph 44 of the Amended Complaint.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

45. DeVry repeats and restates its answers to the allegations contained in paragraphs 1 through 44 as though fully set forth herein.

46. The allegations in paragraph 46 of the Amended Complaint state a legal conclusion to which no response is required. DeVry denies that it engaged in any unlawful conduct toward Plaintiff.

47. DeVry denies the allegations in paragraph 47 of the Amended Complaint.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

48. DeVry repeats and restates its answers to the allegations contained in paragraphs 1 through 47 as though fully set forth herein.

49. The allegations in paragraph 49 of the Amended Complaint state a legal conclusion to which no response is required. DeVry denies that it engaged in any unlawful conduct toward Plaintiff.

50. DeVry denies the allegations in paragraph 50 of the Amended Complaint.

## AS A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK ADMINISTRATIVE CODE

54. DeVry repeats and restates its answers to the allegations contained in paragraphs 1 through $50^2$ as though fully set forth herein.

55. The allegations in paragraph 55 of the Amended Complaint state a legal conclusion to which no response is required. DeVry denies that it engaged in any unlawful conduct toward Plaintiff.

---

[2] DeVry notes that Plaintiff skipped paragraph numbers 51-53 in the Amended Complaint. Thus, for clarity, DeVry has also skipped those paragraph numbers in its Answer.

56. DeVry denies the allegations in paragraph 56 of the Amended Complaint.

### AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

57. DeVry repeats and restates its answers to the allegations contained in paragraphs 1 through 56 as though fully set forth herein.

58. The allegations in paragraph 58 of the Amended Complaint state a legal conclusion to which no response is required. DeVry denies that it engaged in any unlawful conduct toward Plaintiff.

59. DeVry denies the allegations in paragraph 59 of the Amended Complaint.

### AS AN EIGHTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

60. DeVry repeats and restates its answers to the allegations contained in paragraphs 1 through 59 of the Amended Complaint as though fully set forth herein.

61. The allegations in paragraph 61 of the Amended Complaint state a legal conclusion to which no response is required. DeVry denies that it engaged in any unlawful conduct toward Plaintiff.

62. DeVry denies the allegations in paragraph 62 of the Amended Complaint.

### AS AN NINTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

63. DeVry repeats and restates its answers to the allegations contained in paragraphs 1 through 62 of the Amended Complaint as though fully set forth herein.

64. The allegations in paragraph 64 of the Amended Complaint state a legal conclusion to which no response is required. DeVry denies that it engaged in any unlawful conduct toward Plaintiff.

c.	DeVry denies the allegations in paragraph c[3] on page 10 of the Amended Complaint.

## INJURY AND DAMAGES

65.	DeVry denies the allegations in paragraph 65 of the Amended Complaint.

## JURY DEMAND

66.	DeVry admits that Plaintiff demands a trial by jury in paragraph 66 on page 10 of the Amended Complaint.

## RELIEF REQUESTED

67.	DeVry denies each and every allegation and claim for relief contained in the "WHEREFORE" clause on pages 10-11 of the Amended Complaint, and avers that Plaintiff has not brought claims pursuant to 42 U.S.C. § 1981.

## GENERAL DENIAL

Unless and to the extent expressly admitted herein, DeVry denies any and all allegations in the Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

DeVry asserts the following affirmative defenses without assuming any burden of production or proof that it would not otherwise have assumed. DeVry expressly reserves its right to assert additional defenses.

## FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff fails to state a claim upon which relief can be granted, her claims are barred.

---

[3] DeVry notes that Plaintiff makes allegations under a paragraph "c", which appears to be intended as a separate numbered paragraph.

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff bases her claims on allegations that are beyond the scope of her charge of discrimination before the EEOC, such claims are barred.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent she alleges any discriminatory treatment occurring more than 300 days prior to the date on which she filed her charge of discrimination.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent she failed to exhaust her administrative remedies as a pre-condition to filing suit in Federal District Court.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to mitigate her damages (if any) or to the extent she has otherwise caused her damages, she is not entitled to relief.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to comply with the applicable statute of limitations as to any of her claims, such claims are time barred and Plaintiff is not entitled to relief.

## SEVENTH AFFIRMATIVE DEFENSE

Any claim Plaintiff may make for punitive damages is barred by statute and/or limited by the United States Supreme Court's holding in *Campbell v. State Farm*.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's own culpable conduct caused, in whole or in part, whatever damages she may have suffered.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because she cannot show that DeVry's management has authorized, participated in, consented to or ratified the conduct giving rise to such damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

In the event that Plaintiff can demonstrate that her national origin, age and/or alleged protected activity was a motivating factor in any employment decision that she challenges, she is not entitled to money damages, reinstatement or other relief because DeVry would have taken the same action in the absence of any such impermissible factor.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, DeVry is not liable to Plaintiff for any alleged discrimination or retaliation because it exercised reasonable care to prevent such behavior and Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by DeVry and otherwise failed to avoid harm.

### FIFTEENTH AFFIRMATIVE DEFENSE

DeVry cannot be held vicariously liable for punitive damages under Title VII or the NYCHRL because it made good faith efforts to comply with those statutes.

### SIXTEENTH AFFIRMATIVE DEFENSE

DeVry's employment decisions with respect to Plaintiff were based on reasonable factors other than her national origin, age and/or alleged protected activity.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, DeVry has established, implemented and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory and retaliatory practices in accordance with the NYCHRL.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent applicable to Plaintiff's NYCHRL claim, the individuals who made any employment decisions with respect to Plaintiff do not have records of discriminatory or retaliatory conduct.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent applicable, all relevant factors should be considered in accordance with § 8-107(13)(e) and (f) of the NYCHRL.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent applicable, all relevant factors should be considered in accordance with § 8-126(b) of the NYCHRL.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims under the NYSHRL and NYCHRL are barred by the election of remedies doctrines set forth in NYSHRL § 297(9) and NYCHRL § 8-502(a), respectively.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Subject to proof through discovery, Plaintiff is precluded, in whole or in part, from recovery of any purported damages because of the after-acquired evidence doctrine.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff is barred, in whole or in part, from recovery of the damages that she seeks because they are not authorized under Title VII, the New York State Executive Law, or the New York City Administrative Code.

DeVry currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, defenses beyond those listed above. DeVry therefore reserves the right to assert additional defenses as appropriate.

**WHEREFORE**, DeVry denies that Plaintiff is entitled to any of the relief sought. DeVry requests that Plaintiff's Amended Complaint be dismissed with prejudice in its entirety, and that judgment be entered against Plaintiff and in DeVry's favor, and that DeVry be awarded its costs, attorneys' fees and such other relief as the Court deems just.

Dated: New York, New York
November 2, 2011

SEYFARTH SHAW LLP

By: /s/ Paul Galligan
Paul Galligan
Allison E. Ianni
620 Eighth Avenue
New York, New York 10018
Phone: (212) 218-5500
Fax: (212) 218-5526

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2011, I caused Defendant's Answer and Affirmative and Other Defenses to the Amended Complaint to be filed using the Court's CM/ECF electronic filing system, and served a copy of the above-referenced document by e-mail to:

William K. Phillips
30 Broad Street
35th Floor
New York, NY 10004
212-587-0760
Fax: 212-587-4169
Email: tpglaws@yahoo.com

Jesse Curtis Rose
The White Rose Group LLC
950 Jericho Tpk
Westbury, NY 11590
919-451-1701
Fax: 800-483-4508
Email: jrose@white-rose-group.com

Vincent P. White
The White Rose Group LLC
86-12 37th Ave, 2nd Floor
Jackson Heights, NY 11372
347-464-8694
Fax: 800-483-4508
Email: vwhite@white-rose-group.com

/s/ Paul Galligan
Paul Galligan

13856216v.3